# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | NO. 16-12650 |
| CHARLES EDWARD LINCOLN, III | SECT. A |
| DEBTOR | CHAPTER 7 |
| HENRY G. HOBBS, Jr., Acting United States Trustee, *Plaintiff* | ADV. PRO. NO. 17-1043 |
| VERSUS | |
| CHARLES EDWARD LINCOLD, III, *Defendant* | |

## ANSWER

COMES NOW the debtor/defendant, Charles Edward Lincoln, III, by and through his undersigned counsel and shows the court as follows:

1.

The allegations of paragraph 1 are admitted.

2.

The allegations of paragraph 2 are denied as calling for a legal conclusion.

3.

The allegations of paragraph 3 are denied as calling for a legal conclusion.

4.

The allegations of paragraph 4 are denied as calling for a legal conclusion.

5.

The allegations of paragraph 5 are denied as calling for a legal conclusion.

1

6.

The allegations of paragraph 6 are denied as written. The law speaks for itself as the best evidence of what is stated within the cited provisions as to whether or not Mr. Hobbs is in fact the Acting U. S. Trustee for Region V. To the extent that a response is required, paragraph 6 is denied.

7.

The allegations of paragraph 7 are denied as calling for a legal conclusion.

8.

The allegations of paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph 9 are admitted.

10.

The allegations of paragraph 10 are admitted.

11.

Paragraph 11 of the complaint requires no response as it consists of a legal argument and what appears to be an incorporation of some portion of a court order, the best evidence of which is the order itself. To the extent a response is required, paragraph 11 is denied.

12.

The allegations of paragraph 12 are admitted.

13.

The allegations of paragraph 13 are admitted.

14.

The allegations of paragraph 14 are admitted.

15.

The allegations of paragraph 15 are admitted.

16.

Defendant admits his signatures to the referenced documents, but denies each and every other allegation contained in paragraph 16.

17.

The allegations of paragraph 17 are admitted.

18.

The allegations of paragraph 18 are denied as written.

19.

The allegations of paragraph 19 are admitted.

20.

The allegations of paragraph 20 are admitted.

21.

The allegations of paragraph 21 are denied as written, the referenced document containing much more salient verbiage that selectively quoted by the plaintiff.

22.

The allegations of paragraph 22 are denied as written.

23.

The allegations of paragraph 23 are admitted.

24.

The allegations of paragraph 24 are admitted.

25.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 25.

26

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 26.

27.

The allegations of paragraph 27 are denied; an inheritance is not income as defined by the Bankruptcy Code.

28.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 28.

29.

Defendant denies the allegations contained in paragraph 29.

30.

The allegations contained in paragraph 30 are denied.

31.

The allegations contained in paragraph 31 are denied.

32.

The allegations of paragraph 32 are admitted.

33.

The allegations of paragraph 33 are admitted.

34.

The allegations of paragraph 34 are admitted.

35.

The allegations of paragraph 35 are admitted.

36.

The allegations of paragraph 36 are admitted.

37.

The allegations of paragraph 37 are admitted.

38.

The allegations of paragraph 38 are admitted.

39.

The allegations of paragraph 39 are admitted.

40.

The allegations contained in paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and therefore denies same.

42.

The allegations contained in paragraph 42 are denied; counsel for the plaintiff recklessly and intentionally mischaracterizes the funds received from Helen Soraya Carr as "income".

43.

The allegations contained in paragraph 43 are denied, as the monies referenced were not "income" as defined by the Bankruptcy Code.

44.

The allegations contained in paragraph 44 are denied for lack of sufficient information therein.

45.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 45.

46.

The allegations contained in paragraph 46 are denied for lack of sufficient information therein.

47.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 47.

5

48.

The allegations contained in paragraph 48 are admitted to the limited extent that the monies were not listed on the Statement of Financial Affairs or Means Test because he was under no legal obligation to do so, those funds not being "income".

49.

The allegations contained in paragraph 49 are denied as written.

50.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 50.

51.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 51.

52.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 52.

53.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 53.

54.

The allegations contained in paragraph 54 are vehemently denied.

55.

The allegations contained in paragraph 55 are denied as written.

56.

The allegations contained in paragraph 56 are denied as written.

57.

Defendant admits testifying at the §341(a) Meeting, but denies each and every other allegation contained in paragraph 57.

58.

The allegations contained in paragraph 58 are denied as written.

59.

The allegations contained in paragraph 59 are denied as written.

60.

The allegations contained in paragraph 60 are denied as written.

61.

The allegations contained in paragraph 61 are denied as written.

62.

The verbiage contained in paragraph 62 requires no answer of defendant, but to the extent a response is required defendant denies same.

63.

Paragraph 63 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 63 is denied.

64.

Paragraph 64 of the complaint requires no response as it consists of legal conclusions and argument; to the extent a response is required, paragraph 64 is denied.

65.

Paragraph 65 of the complaint requires no response as it consists of legal conclusions and argument; to the extent a response is required, paragraph 54 is denied.

66.

Paragraph 66 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 66 is denied.

67.

The verbiage contained in paragraph 67 requires no answer of defendant, but to the extent a response is required defendant denies same.

68.

Paragraph 68 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 68 is denied.

69.

Paragraph 69 of the complaint requires no response as it consists of a legal conclusion. To the extent a response is required, paragraph 69 is denied.

70.

The allegations contained in paragraph 70 are denied.

71.

The verbiage contained in paragraph 71 requires no answer of defendant, but to the extent a response is required defendant denies same.

72.

Paragraph 72 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 72 is denied.

73.

The allegations contained in paragraph 73 are denied.

74.

The allegations contained in paragraph 74 are denied.

75.

The verbiage contained in paragraph 75 requires no answer of defendant, but to the extent a response is required defendant vehemently denies same.

76.

Paragraph 76 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 76 is denied.

77.

The allegations contained in paragraph 77 are denied for lack of sufficient information to justify a belief therein.

78.

Paragraph 78 of the complaint requires no response as it consists of a legal conclusion; to the extent a response is required, paragraph 78 is denied.

79.

The verbiage contained in paragraph 79 requires no answer of defendant, but to the extent a response is required defendant vehemently denies same.

80.

Paragraph 80 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 80 is denied.

81.

The allegations contained in paragraph 81 are denied.

82.

Paragraph 82 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 82 is denied.

83.

The verbiage contained in paragraph 83 requires no answer of defendant, but to the extent a response is required defendant vehemently denies same.

84.

Paragraph 84 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 84 is denied.

85.

The allegations contained in paragraph 85 are denied as written.

86.

The allegations contained in paragraph 86 are denied.

87.

Paragraph 87 of the complaint requires no response as it consists of a legal conclusion and what appears to be an incorporation of some portion of a statute, the best evidence of which is the statute itself. To the extent a response is required, paragraph 87 is denied.

**WHEREFORE**, defendant denies each and every other allegation in plaintiff's complaint not specifically admitted. NOW, therefore the defendant prays that this court enter its order:

(1) Determine that defendant is entitled to a discharge;

(2) Grant judgment in defendant's favor against plaintiff for the costs of this proceeding, including his attorney's fees; &

(3) Grant such other relief as to which defendant might be entitled.

Respectfully submitted,

*Robert L. Marrero*

**Robert L. Marrero**, LSBA #8947
**Robert L. Marrero, LLC**
401 Whitney Avenue
Suite 126
Gretna, LA 70056-2577
Telephone: (504) 366-8025
Fax: (504) 366-8026

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Interrogatories upon counsel of record for the plaintiff, **Amanda B. George, LLC, 400 Poydras Street, Suite 2110, New Orleans, LA 70130**, via facsimile transmission and/or EFC and/or by email and/or by depositing a copy in the United States Mail, properly addressed and First-Class postage prepaid.

Gretna, Louisiana this 21 day of November, 2017.

*Robert L. Marrero*
Robert L. Marrero

11